UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|   |   |   |
|---|---|---|
| IN RE: THE REDEMPTION OF DAVID GEORGE,<br><br>    Movant. | )<br>)<br>)<br>)<br>)<br>) | M.B.D. No. 23-mc-91595-ADB |

**ORDER**

BURROUGHS, D.J.

On November 9, 2023, David George ("George" or "Movant") filed his self-prepared "Refusal for Cause and Certificate of Exigent Circumstances," seeking to dispute the IRS's Notice that he is required to file corrected tax returns for the filing years 2020, 2021 and 2022. (Dkt. No. 1). George filed this case as a Miscellaneous Action and paid the $49.00 filing fee. (Dkt. No. 2). On May 8, 2024, George refiled his "Refusal for Cause and Certificate of Exigent Circumstances" (Dkt. No. 4) along with a "Notice of Garnishment - Rule B(1)(c)." (Dkt No. 5). With the Notice of Garnishment is an attachment indicating that the IRS scheduled an appointment for David G. Young on May 10, 2024. (Dkt. No. 5-1). George wrote in red ink across the top of the Notice of Appointment, "refusal for cause." (Id.).

Because George is proceeding pro se, this Court construes his filings liberally. See Rodi v. S. New Eng. Sch. of Law, 389 F.3d 5, 13 (1st Cir. 2004). However, nothing in George's filings suggest that he has a basis to maintain this action. The United States (including its various branches, departments, and agencies) enjoys immunity from suit except in those instances in which it has expressly consented to be sued. See FDIC v. Meyer, 510 U.S. 471, 475 (1994). It is not apparent that the United States has waived its sovereign immunity as to any claims George may have concerning actions taken by the IRS. By passing the Federal Tort

Claims Act ("FTCA"), Congress waived the sovereign immunity of the United States for claims for money damages that fall within the purview of the statute.  See 28 U.S.C. §§ 1346(b), 2671-2680; Barrett ex rel. Estate of Barrett v. United States, 462 F.3d 28, 36 (1st Cir. 2006).  However, the FTCA's waiver of sovereign immunity is subject to thirteen enumerated exceptions, including one that preserves the federal government's immunity in connection with "[a]ny claim arising in respect of the assessment or collection of any tax."  28 U.S.C. § 2680(c).  Under 26 U.S.C. § 7433, a taxpayer may bring a civil action against the United States in a district court for the "disregard[]" by an IRS official or employee of "any provision of [Title 26 of the United States Code]" or any regulation promulgated thereunder.  26 U.S.C. § 7433(a).  A litigant cannot, however, recover damages under this statute unless the plaintiff "has exhausted the administrative remedies available to such plaintiff within the Internal Revenue Service."  26 U.S.C. § 7433(d)(1).

Even if the United States waived its sovereign immunity, the Anti-Injunction Act limits the authority of this Court to enjoin tax collection activity.  The Act provides, with exceptions not relevant here, "no suit for the purpose of restraining the assessment or collection of any tax shall be maintained in any court by any person."  26 U.S.C. § 7421(a); see also Nat'l Fed'n of Indep. Bus. v. Sebelius, 567 U.S. 519, 543 (2012) ("This statute protects the Government's ability to collect a consistent stream of revenue, by barring litigation to enjoin or otherwise obstruct the collection of taxes. Because of the Anti–Injunction Act, taxes can ordinarily be challenged only after they are paid, by suing for a refund.").  The Supreme Court has construed the Anti–Injunction Act to include an equitable exception, allowing a plaintiff to file an action to restrain the collection of taxes if the plaintiff shows that "under no circumstances could the Government ultimately prevail," and if "equity jurisdiction otherwise exists."  Enochs v.

Williams Packing & Navigation Co., 370 U.S. 1, 7 (1962).  Here, the IRS's actions as described in George's pleadings and attachments do not appear to be "plainly without a legal basis" or as having "no chance of success on the merits."  Bob Jones Univ. v. Simon, 416 U.S. 725, 745 (1974) (citing Enochs, 370 U.S. 1).

Thus, the Court lacks jurisdiction to enjoin the IRS or the Treasury Department from tax collection activity and, to the extent George seeks to challenge actions taken by the IRS or the Treasury Department, he must first exhaust available administrative remedies.  Having reviewed George's filings, the Court finds that he has not set forth a cognizable basis for relief in this Court. The matter is therefore DISMISSED.

**SO ORDERED.**

May 14, 2024                                                                 /s/ Allison D. Burroughs
                                                                                   ALLISON D. BURROUGHS
                                                                                   U.S. DISTRICT JUDGE